María Sofía Sastre Andújar, Plaintiff and Appellant, *v.* Antonio Sastre Alvarez, Defendant and Appellee.

No. 9929. Argued April 4, 1949.—Decided April 14, 1949.

*Luis Mercader* for appellant. *G. Zeno Sama* and *Luis Pérez Matos* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

In granting defendant's motion for the dismissal of the complaint for insufficiency, the lower court stated the following in its judgment:

"The plaintiff brings an action for the recovery of money wherein she alleges that by judgment of August 29, 1947, which is final and unappealable, this court recognized her as defendant's acknowledged natural daughter who begot her in Utuado where she was born on December 16, 1924, and that since her birth until the same date in 1945, that is, until plaintiff became twenty-one years of age, the defendant has not paid her any monthly pension for her support; that for those twenty-one years it reasonably amounts to $6,300, at the rate of $25 monthly. She prays for judgment ordering the defendant to pay her $6,300 with legal interest until full payment, with costs and attorney's fees.

"*        *        *        *        *        *        *

"In view of the provisions of Section 147 of the Civil Code and former decisions (*Ríos* v. *Rosaly,* 27 P.R.R. 495, 500) defendant's motion is granted and, consequently, since the complaint is not subject to amendment as to the ground of this decision, the amended complaint is dismissed and costs are imposed on the plaintiff."

■■ The plaintiff appealed and alleges that the lower court erred in dismissing the complaint inasmuch as she was entitled to receive support from her father, the defendant, from her birth until she attained majority of age. We do not agree. She was entitled to receive support from the defendant once the paternity was established, *People* v. *Rodríguez*, 67 P.R.R. 688, and this did not take place until 1947. Furthermore, pursuant to § 147 of the Civil Code (1930 ed.) support shall be claimed "from the time the person having a right thereto shall require such support; but it shall not begin until the date on which a petition therefor is made."

Accordingly, in view of the fact that plaintiff, although born in 1924 did not establish her paternity until August 29, 1947 she could not demand support from the defendant until that day, if she needed it for her subsistence. It was not until 1948 that she filed a petition, not for support from that day on, because she was in need of it, but for the payment of a debt of $6,300 as the total amount of monthly pensions which had been left unpaid for twenty-one years, which the defendant was not bound to pay, first, because the paternity had not yet been established and second, because the money for support accrues only from the filing of the complaint. In *Ríos* v. *Rosaly*, 27 P.R.R. 495, 500, we quoted Manresa's commentaries on § 148 of the Spanish Civil Code, equivalent to our § 147, which end by saying:

" '. . . Support responds to a pressing necessity in the absence of which it would not be demandable, and the law presumes that such necessity does not exist until it is claimed in court.' 1 Manresa, Spanish Civil Code, 654."

Since plaintiff's action in the present case is not a claim for support under § 143 of the Civil Code but for the recovery of money for alleged unpaid support which was never claimed, the lower court did not err in dismissing the complaint. The judgment is affirmed.